**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 96-30187

Percy J. Matherne Contractor, Inc.,

Plaintiff-Appellee,

VERSUS

Grinnell Fire Protection Systems,
Division of Grinnell Corporation,

Defendant-Third Party
Plaintiff-Appellant,

VERSUS

St. James Parish School Board,

Third Party
Defendant-Appellee.

Appeals from the United States District Court
For the Middle District of Louisiana

(94-CV-4-B-M1)

October 30, 1996

Before Judges WISDOM, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Grinnell Fire Protection Co.("Grinnell") appeals the district court's grant of summary

judgment in favor of Matherne Contractor, Inc.("Matherne") and the district court's dismissal of

Grinnell's third-party claim against the St. James Parish School Board ("School Board").  Grinnell

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

raises four issues on appeal. Grinnell argues that the district court: (1) improperly concluded that certain post-bid modifications of a construction contract between a public school board and the low-bidding general contractor do not violate the Louisiana Public Bid Law, La. R.S. 38:2211, *et seq*; (2) improperly concluded that Matherne reasonably relied to its detriment on Grinnell's bid under La. Civ. Code art 1967; (3) improperly determined the quantum of Matherne's damages; and (4) improperly dismissed Grinnell's third-party claim against the School Board.

This Court reviews a summary judgment *de novo*. [1] This Court has heard oral argument and carefully reviewed the briefs and record in this case. We conclude that the district court properly dismissed the claim against the School Board and properly granted summary judgment and awarded damages to Matherne.

First, we agree with the district court's conclusion that certain post-bid modifications of the Matherne-School Board contract did not violate Louisiana Public Bid Law. Grinnell relies on *W.R. Aldrich & Co. v. Gravity Drainage District Number 1 of Rapides Parish,* [2] where the Louisiana Supreme Court held that it was illegal for specifications to be altered after bids had been received without a new advertisement giving all bidders an opportunity to bid under the new conditions. [3] The *Aldrich* case is distinguishable from the instant case, however, because in *Alrich* the post-bid changes in the project resulted in a new low bidder being awarded the contract. This manipulation of contract specifications to award the contract to a different bidder clearly violates the Louisiana Public Bid Law. In the instant case, however, the changes in contract specifications were negotiated with the original low bidder. The potential for favoritism and fraud is

---

[1]     *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

[2]     114 So. 2d 860 (La. 1959).

[3]     *Id.* at 863.

significantly curtailed in these circumstances,[4] and the Louisiana Attorney General has consistently approved such modifications.[5]

Second, we find that the district court properly found that Matherne reasonably relied to its detriment on Grinnell's subcontract bid under La. Civ. Code art. 1967. After confirming Grinnell's subcontract bid, Matherne incorporated it into Matherne's overall bid on the School Board project. Matherne was the low bidder. After some negotiation, the School Board accepted the low bid. Grinnell then refused to perform at its subcontract bid price. Matherne clearly relied on Grinnell's bid and suffered a legal detriment as a result of this reliance. Based on these undisputed facts, the district court properly entered summary judgment in Matherne's favor.

Third, The district court properly determined Matherne's damages to be those expenses incurred as a direct result of their detrimental reliance on Grinnell's subcontract bid. Here, the district court properly calculated Matherne's damages to be $113,485 - the cost difference between Grinnell's subcontract bid and the substitute contract price.

Fourth, the district court properly dismissed Grinnell's third-party claim against the School Board. The district court found that Grinnell's assertion of Public Bid Law violations could not, as a matter of law, render the School Board responsible for Grinnell's defective bid. We agree. Grinnell failed to state any claim for indemnity or contribution, therefore, the district court properly granted summary judgment for the School Board.

Accordingly, we AFFIRM the judgment of the district court.

---

[4] *State of Louisiana, Through the Office of the Governor v. L.W. Eaton Construction Co.,* 392 So.2d 477, 480 (La. App. 1st Cir. 1980).

[5] La Atty Gen. Op. No. 93-118 (Feb. 1993); La. Atty Gen. Op. No. 94-195 (May 1994).